10-4707-cv
*Knopick v. Metropolitan Life Insurance Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                        *Chief Judge,*
             RICHARD C. WESLEY,
             SUSAN L. CARNEY,
                        *Circuit Judges.*

---

DILLON A. KNOPICK, STEFANI L. KNOPICK,

　　　　　　*Plaintiffs-Appellees,*

        -v.-                                    10-4707-cv

METROPOLITAN LIFE INSURANCE COMPANY,

　　　　　　*Defendant-Appellant,*

ADSPACE NETWORKS, INC.,

　　　　　　*Defendant.*

---

FOR APPELLANT: ARIADNE STAPLES, Metropolitan Life Ins. Co., New York, N.Y. (Clifford Scott, Metropolitan Life Ins. Co., New York, N.Y.; Christian J. Soller, Hodgson Russ LLP, Albany, N.Y., *on the brief*).

FOR APPELLEES: ASHLEY D. HAYES, Hancock Estabrook, LLP, Syracuse, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **REVERSED**. The case is **REMANDED** to the district court to enter summary judgment in favor of Metropolitan Life Insurance Company.

Appellant Metropolitan Life Insurance Company ("MetLife") appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*), which granted Plaintiffs-Appellees Dillon and Stefani Knopick's ("Knopick Beneficiaries") motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

### BACKGROUND

MetLife provided a group insurance policy to Adspace Networks, Inc. ("Adspace") to fund its ERISA-governed

2

employee benefit plan. MetLife delivered the group insurance policy to Adspace's human resources director under cover of a letter dated May 7, 2008; the group policy's effective date was April 1, 2008. The group policy provided that "[MetLife] . . . will pay the benefits specified in the Exhibits of this policy *subject to the terms and provisions of this policy.*" JA 113 (emphasis added). As is relevant here, the group policy incorporated the Certificate of Insurance ("the Certificate"), effective April 1, 2008, which contained the substantive terms of the policy.

The Certificate stated that an employee would only be insured for those benefits for which he was eligible, for which he elected, and that were in effect. It allowed an employee to elect up to the lesser of $500,000 or five times basic annual earnings in supplemental life benefits, with $100,000 of those benefits going into effect without need to provide any evidence of the employee's good health ("Non-Medical Issue Amount"). For amounts elected over the Non-Medical Issue Amount, the employee had to submit "evidence of insurability" satisfactory to MetLife. If MetLife determined that the "evidence of insurability" provided by the applicant was satisfactory, the supplemental life

benefits in excess of the Non-Medical Issue Amount would take effect on the date identified by MetLife in writing, so long as the employee was actively at work on that date.

On April 1, 2008, Roger Knopick, an employee of Adspace, filled out MetLife's Enrollment Form for Group Insurance; he requested $420,000 in supplemental benefits. Because he elected benefits in excess of the Non-Medical Issue Amount, Knopick completed MetLife's Small Market Medical Underwriting Form ("Statement of Health"). He also executed an authorization form permitting MetLife to obtain his medical records and other personal information. Although it is clear that Adspace sent Knopick's paperwork to Adspace's New York office on the evening of April 3, 2008, and eventually on to MetLife, it is unclear exactly when MetLife received that paperwork.

Knopick died on April 8, 2008. The Knopick Beneficiaries submitted claims for benefits in May 2008. Adspace then sent the beneficiaries' paperwork to MetLife on June 3, 2008. MetLife denied the Knopick Beneficiaries' claims for benefits in excess of the Non-Medical Issue Amount on the basis that MetLife had not approved Knopick's Statement of Health.

The Knopick Beneficiaries sued MetLife in New York State court to recover the benefits in excess of the Non-Medical Issue Amount; MetLife removed the action to federal court. After a period of limited discovery, the Knopick Beneficiaries moved for "judgment on the record," and MetLife cross-moved for summary judgment.

Judge Hurd construed the Knopick Beneficiaries' motion as one for summary judgment and granted it. The court determined that the appropriate standard of review of MetLife's decision to deny benefits was "abuse of discretion" based on the court's conclusion that "the Plan gives MetLife discretion to determine eligibility for benefits." In addition, Judge Hurd looked past the certified administrative record, based on MetLife's "conflict of interest" and MetLife's purportedly shoddy review process.

Untethered from the certified administrative record, Judge Hurd reviewed both the May 7, 2008 cover letter from MetLife to Adspace informing Adspace of the effective date of Adspace's group coverage and a copy of the group policy. Judge Hurd determined that the letter and group policy "must be construed as writings from MetLife" accepting coverage

for Knopick for the entirety of supplemental life benefits for which he applied and providing an effective date of April 1, 2008. As a result, Judge Hurd found that MetLife's denial of the Knopick Beneficiaries' claim for supplemental life benefits in excess of the Non-Medical Issue Amount was "arbitrary and capricious" and granted summary judgment in favor of the Knopick Beneficiaries. MetLife now appeals.

## DISCUSSION

This Court reviews a district court's decision granting summary judgment in an ERISA action *de novo* and generally applies the same legal standard of review employed by the district court. *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 130 (2d Cir. 2008). "Summary judgment is appropriate only where the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002)).

A denial of benefits under an ERISA plan "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the

6

terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where the plan provides discretionary authority to the fiduciary or administrator to make certain determinations but does not provide blanket discretion to construe other plan terms, we review those determinations committed to the discretion of the fiduciary or administrator to ensure that they are not arbitrary or capricious; otherwise, we review the fiduciary or administrator's determinations *de novo*. *Fay*, 287 F.3d at 104. The district court may expand its review beyond the administrative record, but only for good cause shown. *See, e.g.*, *DeFelice v. Am. Int'l Life Assurance Co. of N.Y.*, 112 F.3d 61, 66-67 (2d Cir. 1997); *see also Zervos v. Verizon N.Y., Inc.*, 277 F.3d 635, 646-47 (2d Cir. 2002).

We have concerns both as to whether Judge Hurd was correct when he applied the arbitrary and capricious rather than the *de novo* standard to review MetLife's benefits determination and as to whether he properly expanded the scope of his review beyond the administrative record. However, we do not resolve those concerns here, because even under a *de novo* review where all of the documents extraneous to the certified administrative record are considered,

7

reversal of Judge Hurd's grant of summary judgment to the Knopick Beneficiaries is required.

A claim for benefits under ERISA is the assertion of a contractual right. *See Feifer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202, 1210 (2d Cir. 2002). When interpreting an ERISA plan, this Court applies federal common law of contract, which is often embodied by the "familiar rules of contract interpretation," which are in turn "informed by state [contract] law principles." *Lifson v. INA Life Ins. Co. of N.Y.*, 333 F.3d 349, 352-53 (2d Cir. 2003) (per curiam). We review the plan as a whole and strive to give terms their plain meanings. *Fay*, 287 F.3d at 104. On *de novo* review, ambiguities in the plan—language that a person of reasonable intelligence would find susceptible to more than one interpretation—are construed in favor of the beneficiary. *Id.*

The crux of this case is whether MetLife stated, in writing, that Knopick's supplemental life benefits in excess of the Non-Medical Issue Amount were in effect, as the Certificate requires. It did not. The evidence in the administrative record suggests that MetLife never determined that Knopick was insurable. Even if MetLife had received

8

Knopick's Statement of Health prior to Knopick's death, which is doubtful, it had not sent the Statement of Health to underwriting before his death.[1]

The evidence extraneous to the certified administrative record that Judge Hurd considered—the May 7, 2008 letter from MetLife to Adspace's director of human resources and the enclosed group policy listing Adspace as policyholder—does not suggest otherwise.  Judge Hurd incorrectly concluded that because the letter and accompanying group policy failed to distinguish between the Non-Medical Issue Amount and supplemental life benefits exceeding that amount, MetLife effectively stated in writing that all of the coverage Knopick applied for was effective on April 1, 2008.  Putting aside the fact that Judge Hurd appears to have conflated the group policy with the Certificate, that reading of the May 7, 2008 cover letter and enclosures is unreasonable.  The May 7, 2008 materials reflect only that Adspace's group policy was in effect as of April 1, 2008; they do not constitute MetLife's statement, in writing, that Knopick's supplemental life benefits in excess of the Non-Medical Issue Amount were in effect.

---

[1]We note that the record contains no suggestion that Adspace or MetLife intentionally delayed in fulfilling its obligations under the Plan.

For the foregoing reasons, the judgment of the district court is hereby **REVERSED**.  The case is **REMANDED** to the district court to enter summary judgment in favor of MetLife.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
